The opinion of the Court was delivered by
O’Neall, J.
This Court is entirely satisfied with the ruling of the Judge below.
He who enters under the title of another, is, in general, estop-ped from denying it.
To this general rule, there are exceptions, such as where the title of the grantor, or lessor, is determined, as in cases of life estates, or leases: or where the allegation does not contest the legal estate, as in the case of a trustee conveying, and his widow claiming dower. There it may be shewn that his legal estate was not such an one as of which his widow was dowable. Or where one enters under a title supposed to be good, but subsequently finds it to be bad, and bona fide acquires the paramount title: there he is permitted to shew this, as an answer to *527 the prima facie case made against him by his entry: or, where a tenant in possession disclaims the title of his landlord, or buys it by a mere parol contract, and holds in his own right for' the statutory period, he may shew these iacts as an answer to his landlord’s claim.
But that a man who enters under a title, holds possession under it, and claims no other title, should be allowed to shew that the title under which he entered is defective, is what, I think, no case can, has, or ever will confirm.
The whole matter is pretty well presented in a note to 2 Smith Lead. Ca. 458.
In dower, it would be monstrous to hold that a wife should not be endowed of land of which her husband had a seizin in fact, and which he, during coverture, had conveyed to another, because that person might be able to point out some defect in the paper title of the husband.
None of the cases, cited by the learned counsel for the motion, go that far.
His strongest case goes no further than to shew, that where, conceding the husband’s title and right of possession, yet it was such as could, by no possibility, confer a right of dower, the defendant might shew this. (Garret vs. Wainman, 32 Eng. C. L. R. 42).
How highly a widow is favored in a claim of dower is shewn by Smith vs. Paysenger, (2 Mill, 59). For that case shews, that she need not shew the deeds by which her husband acquired title. His possession in fact is evidence of seizin in law: .much more strongly does this inference arise against his alienee, who has his (the husband’s) possession and title, and claims by no other.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.